# UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

DONNA J. FELLOWS

       Plaintiff,

v.                             Case No. 06-12084

MICHAEL J. ASTRUE, COMMISSIONER OF
SOCIAL SECURITY,

       Defendant.

_____/

## OPINION AND ORDER REJECTING PLAINTIFF'S OBJECTIONS, GRANTING DEFENDANT'S SUMMARY JUDGMENT MOTION, DENYING PLAINTIFF'S SUMMARY JUDGMENT MOTION AND ADOPTING THE MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

On June 14, 2007, Magistrate Judge Mona K. Majzoub issued a Report and Recommendation ("R&R"), recommending that this court deny Plaintiff Donna J. Fellows's motion for summary judgment[1] and grant the motion for summary judgment by Defendant Michael J. Astrue, Commissioner of Social Security. Plaintiff filed timely objections. Defendant responded to Plaintiff's objections. Having reviewed the briefs, the court concludes that a hearing is unnecessary. *See* E.D. Mich. LR 7.1(e)(2). For the reasons stated below, the court will reject Plaintiff's objections and adopt the R&R.

## I. STANDARD

### A. Substantial Evidence

Pursuant to 42 U.S.C. § 405(g), the Commissioner's findings of fact are conclusive if supported by substantial evidence. When the Appeals Council declines

---

[1]Because the R&R refers to Plaintiff's motion, which is docketed as a "Motion to Remand," as a motion for summary judgment, the court will adopt this label.

review, "the decision of the ALJ [Administrative Law Judge] becomes the final decision of the [Commissioner]." *Casey v. Sec'y of Health and Human Servs.*, 987 F.2d 1230, 1233 (6th Cir. 1993) (per curiam). "The decision of an ALJ is reviewed to determine whether it is supported by substantial evidence and consistent with applicable law." *Pittsburgh & Conneaut Dock Co., v. Dir., Office of Workers' Comp. Programs*, 473 F.3d 253, 258 (6th Cir. 2007). This judicial review is limited to the record and evidence that was before the ALJ. *Cline v. Comm'r of Soc. Sec.*, 96 F.3d 146, 148 (6th Cir. 1996) (citing *Cotton v. Sullivan*, 2 F.3d 692, 696 (6th Cir. 1993)).

The court's review of the record for substantial evidence is quite deferential to the ALJ's evaluation of the facts. The court must uphold the ALJ's finding if supported by substantial evidence. "Substantial evidence is more than a scintilla of evidence but less than a preponderance and is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion," *Pittsburgh & Conneaut Dock Co.*, 473 F.3d at 259 (citation omitted), "even if that evidence could support a decision the other way," *Casey*, 987 F.2d at 1233. Moreover, the court bases its review on the entire record, not just what the ALJ cited. *Heston v. Comm'r of Soc. Sec.*, 245 F.3d 528, 535 (6th Cir. 2001) ("Both the court of appeals and the district court may look to any evidence in the record, regardless of whether it has been cited by the Appeals Council.").

## B. Timely Objections and *De Novo* Review

The filing of timely objections requires the court to "make a *de novo* determination of those portions of the report or specified findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1); *see also United States v. Raddatz*,

2

447 U.S. 667 (1980); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). This *de novo* review, in turn, requires this court to re-examine all the relevant evidence previously reviewed by the magistrate judge to determine whether the recommendation should be accepted, rejected, or modified in whole or in part. 28 U.S.C. § 636(b)(1). The court may "receive further evidence" if desired. *Id.*

A general objection, or one that merely restates the arguments previously presented, is not sufficient to alert the court to alleged errors on the part of the magistrate judge. An "objection" that does nothing more than state a disagreement with a magistrate judge's suggested resolution, or simply summarizes what has been presented before, is not an objection as that term is used in this context. *Howard v. Sec'y of Health and Human Servs.,* 932 F.2d 505, 508 (6th Cir. 1991) ("It is arguable in this case that Howard's counsel did not file objections at all. . . . [I]t is hard to see how a district court reading [the 'objections'] would know what Howard thought the magistrate had done wrong.").

A party who files timely objections to a magistrate judge's report in order to preserve the right to appeal must be mindful of the purpose of such objections: to provide the district court "with the opportunity to consider the specific contentions of the parties and to correct any errors immediately." *Walters*, 638 F.2d at 949-50. The Supreme Court upheld this rule in *Thomas v. Arn,* 474 U.S. 140 (1985), noting that "[t]he filing of objections to a magistrate's report enables the district judge to focus attention on those issues--factual and legal--that are at the heart of the parties' dispute." *Id.* at 147 (footnote omitted).

Furthermore, "[o]nly those specific objections to the magistrate's report made to the district court will be preserved for appellate review; making some objections but failing to raise others will not preserve all the objections a party may have." *McClanahan v. Comm'r of Soc. Sec.*, 474 F.3d 830, 837 (6th Cir. 2006) (quoting *Smith v. Detroit Fed'n of Teachers, Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987)).

## II. DISCUSSION

The court notes at the outset that the magistrate judge's twenty-two page R&R is thorough, well-reasoned and scholarly. The detailed factual and procedural background and the thoughtful analysis it contains provides this court with useful assistance. Plaintiff advances three objections: (1) the ALJ erred in not concluding that Plaintiff's depression is a severe impairment, (2) the ALJ's finding of a severe impairment of radiculopathy[2] of the left upper extremity is inconsistent with the Physical Residual Functional Capacity ("RFC") conclusion and (3) the ALJ erred by not factoring Plaintiff's non-exertional limitations of her left upper extremity into the RFC conclusion. (Pl.'s Obj. at 1-6.) The court will consider each in turn.

### A. Depression

Plaintiff's objection contends that the ALJ erred by (1) relying on evidence that Plaintiff did not report depression at relevant time periods and (2) misapplied the *de minimis* standard for showing a severe impairment where Plaintiff clearly had a "colorable claim" for depression. (*Id.* at 1-4.) These arguments are not persuasive. The court is mindful that Plaintiff had the burden of proving her alleged depression and

---

[2]"Radiculopathy is a disease of the nerve roots, which if evident in the cervical spine, manifests as shoulder or neck pain." (R&R at 3 (citing *Dorland's Illustrated Medical Dictionary* at 1562 (30th ed. 2003)).)

producing evidence through the fourth step of the evaluation process.  *See* 42 U.S.C. §§ 423(d)(5)(A), 1382c(a)(3)(H)(I); 20 C.F.R. §§ 404.1512(a), 404.1520(a)(4)(i)-(iv), 416.912(a), 416.920(a)(4)(i)-(iv).  The absence of complaints of depression is relevant to, but not dispositive of, the question of whether Plaintiff met her burden.  Indeed, the R&R relied only in part on the absence of complaints and was aware of binding case law that both approved and disapproved of reliance on such evidence.  (R&R at 17 (citing *Blackenship v. Bowen*, 874 F.2d 1116, 1124 (6th Cir. 1989); *Moon v. Sullivan*, 923 F.2d 1175, 1182 (6th Cir. 1990); *Atterberry v. Sec'y of Health & Human Servs.*, 871 F.2d 567, 571-72 (6th Cir. 1989); *McCollough v. Sec'y of Health & Human Servs.*, 1990 WL 47543 at *4 (6th Cir. 1990)).  Moreover, the R&R stressed that any diagnoses of depression (which fell outside of the relevant time period for purposes of insurance coverage) that Plaintiff received were both not determinative, (*id.* at 15 (citing *Foster v. Brown*, 853 F.2d 483, 489 (6th Cir. 1989)), and, importantly, silent about whether her "episodic depression caused work-related limitations," (*id.* at 17.).

To the extent that Plaintiff objects that she had a "colorable" claim for depression, the court need not agree or disagree because the applicable standard is deferential and asks whether substantial evidence supports the decision, not whether countervailing evidence might support the opposite conclusion.  The question is whether "a reasonable mind might accept [the evidence] as adequate to support a conclusion," *Pittsburgh & Conneaut Dock Co.*, 473 F.3d at 259 (citation omitted), "*even* if that evidence could support a decision the other way,"  *Casey*, 987 F.2d at 1233 (emphasis added). Whatever room there is for disagreement, a reasonable mind could find that Plaintiff's bouts of depression did not constitute a severe impairment.  The court therefore

concludes that substantial evidence supports the finding that Plaintiff's depression did not qualify as a severe impairment.

### B. The RFC Determination

The court will consider Plaintiff's second and third objections together. Both objections relate to the finding by the ALJ that, despite Plaintiff's severe impairment in her upper left extremities, she had an RFC that allowed Plaintiff to do sedentary work that requires lifting or carrying no more than ten pounds occasionally. (R&R at 18.) Plaintiff objects that the magistrate judge's interpretation of the RFC is "based on conjecture or reading between the lines" because the ALJ never expressly connected the RFC determination to Plaintiff's dominant left hand and her upper extremity limitations, which include non-exertional activities such as reaching, seizing, handling, picking, pinching, etc. (Pl.'s Obj. at 4-6.)

The magistrate judge reviewed the ALJ's decision, noting that "the ALJ discussed these matters at length" and relied on evidence that "supported a conclusion that Plaintiff could nevertheless perform sedentary work and that no other restrictions were warranted." (R&R at 19.) The magistrate judge stated the applicable standard for evaluating subjective and objective evidence, detailing a lack of objective medical evidence supporting Plaintiff's subjective complaints concerning her left hand and wrist. (*Id.* at 19-22.) This conclusion is consistent with the court's review of the record evidence. Further, courts have rejected the argument that the finding of a severe impairment *necessarily* impacts a claimant's RFC. (*Id.* at 18 n.1 (citations omitted).) Under the deferential standard of review, this court finds that it was reasonable for the magistrate judge to conclude that the ALJ factored Plaintiff's limitations into the RFC

and that the RFC determination relied on adequate evidence.  The court is thus persuaded that substantial evidence supports the recommendation to uphold the RFC determination.  The court's independent review of the R&R, and the record upon which the magistrate judge relied, reveals no substantive errors that would call into question the ultimate recommendation of the magistrate judge on the cross-motions for summary judgment.  The court is confident, according to its *de novo* review of the comprehensive R&R and its supporting materials, that the R&R is persuasive and should be adopted in full and incorporated by reference.

### III.  CONCLUSION

For the reasons stated above, IT IS ORDERED that Petitioner's objection [Dkt. # 18] is REJECTED and the magistrate judge's June 14, 2007 report and recommendation [Dkt. # 16] is ADOPTED IN FULL AND INCORPORATED BY REFERENCE.

IT IS FURTHER ORDERED that Plaintiff's motion for summary judgment [Dkt # 8] is DENIED and Defendant's motion for summary judgment [Dkt # 11] is GRANTED.


 s/Robert H. Cleland                                        
ROBERT H. CLELAND
UNITED STATES DISTRICT JUDGE

Dated:  July 31, 2007

I hereby certify that a copy of the foregoing document was mailed to counsel of record on this date, July 31, 2007, by electronic and/or ordinary mail.

 s/Lisa Wagner                                        
Case Manager and Deputy Clerk
(313) 234-5522